Stubbe vs. Waldeck and another.

---

STUBBE, Respondent, vs. WALDECK and another, Appellants.

*December 16, 1890 — January 13, 1891.*

*Master and servant: Wrongful discharge: Evidence.*

In an action for wrongful discharge the evidence (stated in the opinion) is *held* sufficient to sustain a verdict to the effect that the hiring was for an entire year and without conditions.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint alleges, in effect, that October 10, 1887, the plaintiff and defendants entered into an agreement whereby the plaintiff was to work for the defendants as

traveling agent for the period of one year from October 10, 1887, and was to receive therefor $1,000 and $6 per day for expenses; that the plaintiff entered upon said employment at the time named, and worked for the defendants until October 22, 1887, when he was discharged by them without just cause, to his damage in the sum of $697.50. The defendants, in effect, denied that such employment was for one year, but alleged that he was to receive pay for his services at the rate of $1,000 per year provided he made a trial trip which should be satisfactory to the defendants; that he did enter upon said employment and made said trial trip, but the same was very unsatisfactory to the defendants, who thereupon discharged the plaintiff and tendered him the amount due for services rendered and expenses incurred. At the close of the trial the jury returned a verdict in favor of the plaintiff and against the defendants for $697.50. From the judgment entered thereon the defendants appeal.

For the appellants there were briefs by *J. C. Ludwig,* and oral argument by *H. Fehr.*

*Chas. T. Hickox,* of counsel, for the respondent.

CASSODAY, J. It is claimed that there is not a *scintilla* of evidence that the plaintiff was hired by the defendants for one year or for any definite period of time. The evidence on the part of the defendants is to the effect that they were to pay the plaintiff *at the rate* of $1,000 a year and expenses, provided that on his first trip he should sell goods at the rate named, which he failed to do. There is evidence, however, to the effect that the plaintiff had previously received $1,200 a year from another party; that the defendants declined to pay that amount; that finally one of them stated that the plaintiff "would receive $1,000 the first year." The plaintiff testified: "It was said on that day that I was to receive $1,000 per year, the first

year anyway. . . . Then they offered me $1,000 the
first year anyhow. . . . I was to have $1,000 a year."
He also denies that such agreement was subject to any con-
dition as to the amount of his sales, or his services being
satisfactory to the defendants, or otherwise. If the contract
was for an entire year and without conditions, then there
can be no question but that the defendants were liable for
the breach of it. We must hold that there is evidence
sufficient to support the verdict. Such was the ruling of
the trial court, and there is no assignment of error by rea-
son of anything contained in the charge.

*By the Court.*— The judgment of the circuit court is af-
firmed.